**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LIBERTY MUTUAL INSURANCE
COMPANY,
Plaintiff-Appellee,

v.

TAUBMAN COMPANY, INCORPORATED;
FAIRFAX ASSOCIATES; CONTINENTAL
INSURANCE CORPORATION,

No. 95-1879

Defendants-Appellants,

v.

COLUMBIA ART STORE EQUIPMENT
COMPANY; RECORD WORLD
ENTERPRISES, INCORPORATED, d/b/a
Social Circle; OTIS JAMES OWENS,
Defendants.

LIBERTY MUTUAL INSURANCE
COMPANY,
Plaintiff-Appellant,

v.

TAUBMAN COMPANY, INCORPORATED;
FAIRFAX ASSOCIATES; CONTINENTAL
INSURANCE CORPORATION,

No. 95-1881

Defendants-Appellees,

v.

COLUMBIA ART STORE EQUIPMENT
COMPANY; RECORD WORLD
ENTERPRISES, INCORPORATED, d/b/a
Social Circle; OTIS JAMES OWENS,
Defendants.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-1023-A)

Argued: March 8, 1996

Decided: April 5, 1996

Before WILKINSON, Chief Judge, and HALL and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Steven Walter Bancroft, TRICHILO, BANCROFT,
MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for

2

Appellants. Joseph Doane Roberts, SLENKER, BRANDT, JEN-
NINGS & JOHNSTON, Merrifield, Virginia, for Appellee. **ON
BRIEF:** Dawn E. Boyce, TRICHILO, BANCROFT, MCGAVIN,
HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Liberty Mutual Insurance Company ("Liberty Mutual"), filed the
instant declaratory judgment action against, among others, Taubman
Company, manager of the Fair Oaks Mall, Fairfax Associates, owner
of the Fair Oaks Mall, and their insurer, Continental Insurance Corpo-
ration ("Continental"), regarding liability arising out of a settlement
paid to Otis Owens by Taubman and Fairfax Associates for personal
injuries sustained while Otis was performing renovations for Record
World Enterprises/Square Circle ("Record World"), a tenant at the
Fair Oaks Mall. Owens, an employee of Columbia Art Store Equip-
ment, Inc., was injured during renovations of the Record World store
when he came into contact with a High Voltage Air Conditioning unit
while he was installing a drop ceiling. Liberty Mutual, which pro-
vided insurance to Record World, and Continental each sought a
declaratory judgment that the other was liable for the $500,000 settle-
ment with Owens. The district court determined that both the Liberty
Mutual and Continental policies provided primary coverage for the
accident and, pursuant to the terms of the policies, the liability would
be split equally. Both Continental and Liberty Mutual appealed, each
arguing that the other is liable for the entire settlement. Finding no
reversible error, we now affirm.

The district court determined that the accident at issue in this case
took place on "leased premises" as that term is defined in the lease
because, under the lease agreement between Record World and Fair-

3

fax Associates, all area between the permanent ceiling and the floor is a part of the leased premises and because the accident took place while Owens was installing a drop ceiling below the permanent ceiling. Since the terms of Liberty Mutual's policy to Record World covered Taubman and Fairfax Associates as additional insureds for "liability arising out of the ownership, maintenance or use of that part of the premises leased to" Record World, J.A. at 219, the district court determined that the Liberty Mutual policy provides primary coverage for the liability arising out of the Owens' accident. See J.A. at 286.

Moreover, although the terms of lease required that Record World obtain an insurance policy that was to be primary over other policies for accidents occurring within the leased premises, nothing in either the Liberty Mutual or Continental policy specifies that the Continental policy was to be only an excess policy for accidents occurring within the leased premises. Thus, the district court determined that the Continental policy, by its terms, also provided primary coverage for the Owens' accident. See J.A. at 313-14.

Since both insurance policies contained a clause that where other primary insurance exists there would be contribution by equal shares, the district court determined that the liability should be divided equally between Liberty Mutual and Continental. See J.A. at 315.

We have carefully considered the arguments raised in the briefs and at oral argument and find no reversible error. Accordingly, we affirm the judgment of the district court on the reasoning of that court.

AFFIRMED

4